**SABINO & SABINO, P.C.**
ATTORNEYS AT LAW

92 Willis Avenue, 2nd Floor
Mineola, New York 11501
516-294-3199
Fax: 516-747-9405
E-mail: legal-llo@earthlink.net
sabinolaw.com

ANTHONY MICHAEL SABINO
MARY JANE C. SABINO (1957-2006)

ADMITTED IN NEW YORK
PENNSYLVANIA
AND THE UNITED STATES
SUPREME COURT

**MEMO ENDORSED**

25 April 2008

**VIA FEDEX**

Hon. Richard M. Berman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Lulla v. Effective Minds, LLC and Manika Gulati
07 CV 10280 (S.D.N.Y.) (RMB) (MHD)

> With the utmost respect to you:(i) the parties are to engage in good faith settlement talks prior to the conference:(ii) pl to respond with 2-3 pp btw (double spaced, no need for exhib.h) by 5/2/08(?) NWN.
>
> SO ORDERED:
> Date: 4/28/08
> *Richard M. Berman*
> Richard M. Berman, U.S.D.J.

Your Honor:

We are the attorneys for the Defendants in the above. We write in anticipation of the Settlement Conference scheduled for 5 May 2008 at 9:00 A.M. Counsel for the Plaintiff has been duly copied on this letter, as indicated below.

With the utmost respect, the Defendants ask that at the Conference the Court entertain the Defendants' request to make a formal motion to dismiss this case for failure to state a cause of action or, in the alternative, a Rule 56 motion for full or partial summary judgment. See Fed. R. Civ. P. 12(b)(6) and 56, respectively.

In the simplest terms, the Plaintiff cannot sustain his burden on the law and the facts, and there is no need to protract these proceedings any further. The Defendants' reasons are stated in summary fashion below.

In simplest terms, the Plaintiff seeks to recover money based upon theories of breach of contract, unjust enrichment, and so forth, for allegedly setting up a business opportunity for the Defendants with a third party, and allegedly being promised a share of profits or some ownership interest in the Defendant LLC.

The Plaintiff Cannot Prevail on the Facts

At his deposition on 2 April 2008, the Plaintiff freely admitted time and again that he had absolutely no written agreement of any kind with the Defendants, and that everything was verbal. The Plaintiff made admissions approximately *two dozen* times that everything was verbal and nothing was written. The Plaintiff furthermore freely characterized the underlying transaction as a "business opportunity," a point that we shall soon see is crucial to the legal analysis herein.

DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 4/28/08

1

As could be expected, the Plaintiff has not and cannot produce a writing, and the Defendants have no writing, quite simply because it never existed. To be sure, this raises the classic tension of "he said, she said," as the Defendants have and shall continue to deny this Plaintiff's version of these allegedly verbal agreements.

The relevant pages of the Plaintiff's deposition are attached. But the salient factual point is that the Plaintiff freely admits he has nothing in writing, and we shall now see that is fatal to his case, as a matter of law.

The Plaintiff Cannot Prevail on the Law

The law in the Southern District is plain and well settled. First, New York General Obligations Law is clear that any contract to pay compensation for services rendered in procuring or negotiating a business opportunity or transaction is void unless it is in a writing signed by the party to be charged. N.Y. Gen. Obl. Law § 5-701(a)(10), also commonly known as New York's codification of the Statute of Frauds.

The judges of the Southern District have staunchly enforced this succinct statutory requirement for a writing. We respectfully draw this Court's attention to Judge McMahon's opinion in Bronner v. Park Place Entertainment Corp., 137 F.Supp.2d 306 (S.D.N.Y. 2001), and Judge Casey's decision in Zeising v. Kelly, 152 F.Supp.2d 335 (S.D.N.Y. 2001). Copies are attached for the Court's ease of reference.

Both decisions are unequivocal. In both, the plaintiffs alleged money owed for services rendered in arranging business opportunities and/or transactions. Both plaintiffs sought enforcement of allegedly oral contracts and/or recovery under breach of contract, *quantum meruit* and/or similar theories. And both failed, and had their cases dismissed at an early stage.

In Zeising, Judge Casey found that the plaintiff's lack of a writing, as required by the New York statute cited above, barred him from recovery and warranted dismissal of the breach of contract claim. Zeising, supra, 152 F.Supp.2d at 343-44. Moreover, the plaintiff's *quantum meruit* and unjust enrichment claims were dismissed, for reason that a plaintiff cannot circumvent the Statute of Frauds by asserting those alternative quasi-contractual claims when he lacks a writing. Id. at 344-46 (citations and quotations omitted). Finally, the plaintiff's claim for fraudulent inducement was dismissed because, as Judge Casey opined, one cannot simply dress up a breach of contract claim by alleging fraud. Id. at 346-47.

Not surprisingly, Judge McMahon's ruling in Bronner is nearly identical. There, the parties never had a written agreement, and at most the plaintiff possessed a self-serving letter demanding money for allegedly arranging a business opportunity. Bronner, supra, 137 F.Supp.2d at 308-09. Citing New York's G.O.L., the Bronner court noted that "[c]ourts have routinely invalidated" oral agreements that lack a writing signed by the party to be charged. Id. at 310. Judge McMahon noted the law was such precisely to

"protect[ ] parties in this situation from 'mischief' by requiring that that such commissions agreements be in writing, and subscribed by the party to be charged." Id. at 311. The case was dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Id. at 308 and 313.

The Plaintiff's main claims herein are shockingly identical to the ones made in Zeising and Bronner. The Plaintiff mirrors them in Count 1-Breach of Contract, Count 2-Unjust Enrichment, Count 3-Breach of Faith, Count 5-Fraud, and Count 6-*Quantum Meruit*. And as in the cited cases, the Plaintiff at his deposition voluntarily characterized the underlying transaction as a business opportunity, for which he now demands money.

Therefore, under the law, the Plaintiff can never recover here because he lacks a writing of any kind, let alone a writing signed by the Defendants, and he freely admitted that at his deposition.[1] The Plaintiff is likewise barred from pursuing his unjust enrichment , *quantum meruit*, and similar claims, because the courts of this Southern District have made clear that a plaintiff cannot dress up a fatally flawed breach of contract claim and pursue it under those alternative grounds.

Summary

The Plaintiff's claims lack any factual basis, and the Plaintiff cannot recover under the statute nor the controlling cases, as decided in this very District. The Defendants will not resort to hyperbole, but this is truly one of those rare cases before ⸱ᴜs Court that cry out for an early dismissal, again pursuant to either Rule 12(b)(6) or Rule 56.[2] In the alternative, the Defendants respectfully suggest that motion practice here will greatly narrow any issues left to be tried, should that day ever come. Respectfully, the Defendants are a small business and Ms. Gulati, and she is the former's one and only owner. These allegations enjoyed a prior life in a North Carolina state court case, dismissed for lack of jurisdiction. Every day this case continues in this august forum is a unnecessary distraction and a debilitating expense to the Defendants. But most of all, it is an injustice, because this Plaintiff has no case under the law nor the facts, the latter he himself has testified to.

For all these good and just reasons, the Defendants respectfully ask that the matter of a motion to dismiss be discussed at the 5 May 2008 conference, and that the Court grant permission for the Defendants to file such a formal motion, and such other relief as is just and proper under the circumstances.

---

[1] It follows that the Plaintiff's claim for conversion at Count 4 must fail, because there can be no conversion when the Plaintiff so clearly lacks a property interest. On a related point, the Plaintiff admits that any money he allegedly loaned to the Defendants was repaid, so once again he has no claim. See Lulla deposition at 225. Likewise the Plaintiff has offered no evidence to substantiate his claim that the Defendants somehow interfered with his visa, and in essence has recanted those allegations. See Lulla deposition at 121-23. In any event, these ancillary issues can be easily resolved on motion, with documentary evidence (or lack thereof).

[2] The Defendants have no wish to engage in rancor here, but they respectfully suggest whether the Plaintiff's claims are so ill conceived that the assessment of costs and/or sanctions should be contemplated.

Thank you.

Very truly yours,

Anthony Michael Sabino

cc:Stuart L. Melnick, Esq., Attorney for the Plaintiff (via FedEx) (w/enc.)
Magistrate Judge Michael H. Dolinger (courtesy copy via mail) (w/enc.)
Ms. Manika Gulati (w/enc.)
AMS/dal (w/enc.)