LAW OFFICES
# STUART L. MELNICK, LLC
100 PARK AVENUE, SUITE 1600
NEW YORK, NEW YORK 10017

TEL (212) 319-4200
FAX (212) 319-4255
www.melnicklaw.net

STUART L. MELNICK
(MEMBER NY, NJ & CT BARS)

May 1, 2008

**MEMO ENDORSED** 5/6/08

*Let's discuss on 5/19/08*

SO ORDERED
Date: 5/6/08
Richard M. Berman, U.S.D.J.

BY HAND

Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street, Room 650
New York, NY 10007

    Re: Sanjay Lulla v. Effective Minds, LLC, et al.
        07 Civ. 10280 (S.D.N.Y.) (RMB) (MHD)

Dear Judge Berman:

    This office represents the plaintiff, Sanjay Lulla ("Lulla"), in connection with the above-referenced litigation. We write in response to correspondence, dated April 25, 2008, from defendants' counsel, Anthony M. Sabino, to Your Honor, wherein Mr. Sabino has sought the Court's permission to file a motion to dismiss and/or for summary judgment, on the grounds that the New York Statute of Frauds, N.Y. Gen. Obl. Law § 5-701(a)(10), purportedly bars Lulla from any recovery in respect of the various causes of action alleged in the Complaint. We disagree.

    The Complaint asserts six (6) causes of action. The First Cause of Action alleges a claim for breach of contract. (Complaint at ¶¶ 36-40.) The Second Cause of Action alleges a claim for unjust enrichment. (Id. at ¶¶ 41-45.) The Third Cause of Action alleged a claim for breach of the covenant of good faith and fair dealing. (Id. at ¶¶ 46-56.) The Fourth Cause of Action asserts a claim for conversion. (Id. at ¶¶ 57-60.) The Fifth Cause of Action alleges a claim for

1

fraud/misrepresentation (Id. at ¶¶ 61-70); and, the Sixth Cause of Action alleges a claim in quantum meruit. (Id. at ¶¶ 71-76.)

The agreement out of which the subject dispute arises is in respect of the rendition of services by plaintiff in connection with what has been referred as the "Cadbury data migration project." (Complaint at ¶¶ 16-32.) Defendants realized a profit in connection with project, in an aggregate approximate amount of One Hundred Twenty Thousand Dollars ($120,000.00). (Complaint at ¶ 33.)

In accordance with the parties' agreement, as alleged (Complaint (at ¶¶ 22-25), plaintiff claims a right or entitlement to an amount equal to Fifty Percent (50%) of that sum, or Sixty Thousand Dollars ($60,000.00). That's what this case, which has been in litigation for more than three (3) years, is all about.

Lulla has testified that the parties never had a formal written agreement. In the absence of a written agreement or formal writing executed by the party to be charged, the Statute of Frauds appears to bar plaintiff from any recovery in respect of his contractual claims (subject of the First and Third Causes of Action alleged in the Complaint). Dismissal of these claims would, therefore, seem appropriate.

The same cannot be said of the four (4) remaining causes of action. The parties may not have had a formal written agreement; however, there are numerous writings evidencing an agreement between or among them. As such, even if Lulla is barred from recovering upon his contractual claims, the Statute of Frauds does not bar him from seeking or obtaining a recovery upon his claims in *quantum meruit* or for unjust enrichment, which, the Complaint reveals, are not mere variations upon or duplicative of his contractual claims. See, e.g., Direct Investment Partners AG v. Cerberus Global Investments, LLC, 07 civ. 3310 (LLS) (S.D.N.Y. February 7,

**STUART L. MELNICK, LLC**

2008), Slip Op. at pp. 19-20; Springwell Corp. v. Falcon Drilling Co., Inc., 16 F.Supp.2d 300, 313-15 (S.D.N.Y. 1998) (allowing *quantum meruit* claim to proceed despite ambiguity of writings, because to bar such a claim might afford defendant an unfair shield from liability); Peters v. Sigma Data Computing Corp., 397 F. Supp. 1098 (E.D.N.Y. 1975) (refusing to dismiss plaintiff's *quantum meruit* claim seeking payment in respect of finder's fee); Perfect Trading Co., Inc. v. Goldman, Sachs & Co., 236 A.D.2d 221, 222, 653 N.Y.S.2d 116 (1st Dept. 1997) (dismissing contract claim, but permitting *quantum meruit* claim, where writings "did not provide the material terms of the contract," but reflected defendants' acceptance of and benefit from plaintiff's services).

Plaintiff's fraud claim is fully particularized; it also asserts an independent, not a duplicative, cause of action. The cause of action is not contractual in nature; nor does it seek contractual relief. As such, the Statute of Frauds does not appear to preclude plaintiff from seeking or obtaining a recovery in respect of this claim. See AG Ltd. v. Liquid Realty Partners, LLC, 448 F.Supp.2d 583, 588-89 (S.D.N.Y. 2006) (Rakoff, J.) (upholding fraud claim where misrepresentations made by defendant respecting contemplated investment partnership were unrelated to any alleged contractual obligation).*

Thank you for your consideration.

Respectfully yours,

*[signature]*

Stuart L. Melnick

SLM/dmd

cc: Anthony M. Sabino,, Esq. (Via Fax & Regular Mail)
    Mr. Sanjay Lulla

---

\* The Statute of Frauds has no discernible bearing upon plaintiff's conversion claim.