**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

**SANJAY LULLA,**

                        **Plaintiff,**                    **07 Civ. 10280**

    **- against -**                                             **(RMB) (MHD)**

**EFFECTIVE MINDS, LLC and MANIKA GULATI,**

                        **Defendants.**
------------------------------------------------------------------------x

## ANSWER TO COUNTERCLAIMS

Plaintiff Sanjay Lulla ("Lulla"), by his attorneys, the Law Offices of Stuart L. Melnick, LLC, as and for his Answer with respect to the counterclaims (the "Counterclaim") of defendants Effective Minds, LLC ("EC") and Manika Gulati ("Gulati"), avers as follows:

### AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1.  With respect to the allegations set forth in paragraph 77 of the Counterclaim, plaintiff admits only that Gulati is, and at all times material, has been a citizen and resident of the State of New York.

2.  With respect to the allegations set forth in paragraph 78 of the Counterclaim, plaintiff admits only that EM is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in New York County, New York.

3. With respect to the allegations set forth in paragraph 79 of the Counterclaim, plaintiff admits only that, at all times material, Gulati was – and remains – a member and sole shareholder of EM.

4. Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Counterclaim. By way of response, Lulla states that, at Gulati's request and direction, he acted as EM's exclusive representative and *de facto* Chief Executive Officer in connection with any and all matters involving and/or relating to the Cadbury Adams data migration contract identified in plaintiff's complaint, dated October 1, 2007 (the "Complaint").

5. With respect to the allegations set forth in paragraphs 81 and 84 of the Counterclaim, Lulla admits that no formal agreement respecting his contemplated interest in EM and/or his partnership with Gulati exists. However, Lulla states that the funds he advanced to EM and/or Gulati were advanced in consideration of Gulati's promise of partnership and/or in exchange for an interest in EM. Lulla's representation of EM in connection with any and all matters involving and/or relating to the Cadbury Adams data migration contract constituted further consideration for Gulati's promise as aforesaid.

6. With respect to the allegations set forth in paragraph 85 of the Counterclaim, Lulla admits that no formal agreement between him and defendants, or either of them, respecting the Cadbury Adams data migration contract exists. The foregoing notwithstanding, Lulla reiterates that, at Gulati's request and direction, he acted as EM's exclusive representative and *de facto* Chief Executive Officer in connection with any and all matters involving and/or relating to the subject contract.

7. Plaintiff admits the allegations set forth in paragraph 86 of the Counterclaim.

8. With respect to the allegations set forth in paragraph 87 of the Counterclaim, Lulla admits that, on or about March 4, 2004, Lulla executed an agreement with Strategic Technologies, Inc. ("STI") on EM's behalf, in his designated capacity as the company's Chief Executive Officer. Lulla further admits that, pursuant to EM's agreement with STI as aforesaid, STI agreed to act as EM's agent (or subcontractor) in relation to the Cadbury Adams data migration contract.

9. Plaintiff denies the allegations set forth in paragraph 88 of the Counterclaim and states that any and all dealings he may have had with STI occurred during the period when he was acting as EM's exclusive representative and *de facto* Chief Executive Officer in relation to the Cadbury Adams data migration contract, at the request and direction of Gulati.

10. The allegations set forth in paragraphs 89 and 90 of the Counterclaim are denied.

11. Plaintiff admits the allegations set forth in paragraphs 91 and 92 of the Counterclaim.

12. Other than with respect to the Cadbury Adams data migration contract, the allegations set forth in paragraph 93 of the Counterclaim are admitted.

13. With respect to the allegations set forth in paragraph 94 of the Complaint, Lulla admits only that any and all dealings he may have had with defendants, or either of them, in the course of his employment with Dynpro were conducted at arm's length.

14. Plaintiff admits the allegations set forth in paragraph 95 of the Counterclaim, but states that any and all dealings defendants may have had with Dynpro employees,

other than plaintiff, occurred following plaintiff's introduction of defendants, or either of them, to these employees.

15.  With respect to the allegations set forth in paragraph 96 of the Counterclaim, Lulla admits only that he received no consideration, nor did he ever seek any such consideration, from defendants in respect of any transactions between defendants, on the one hand, and Dynpro, on the other.

16.  Plaintiff denies the allegations set forth in paragraphs 97 through 99 of the Counterclaim and states that, at all times material, any and all actions taken or undertakings performed by him on behalf of defendants, or either of them, were taken and/or performed at the specific request and direction of Gulati.

17.  Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Counterclaim.  Subject to the foregoing, plaintiff states that, at the specific request and direction of Gulati, he acted as EM's *de facto* Chief Executive Officer in connection with any and all matters involving and/or relating to the Cadbury Adam data migration contract.

18.  Plaintiff denies the allegations set forth in paragraph 101 of the Counterclaim.

19.  Plaintiff denies the allegations set forth in paragraphs 102 and 103 of the Counterclaim.  Subject to the foregoing, plaintiff avers that the only third-party he contacted or had dealings with on behalf of defendants, or either of them, was STI.

20.  Plaintiff denies the allegations set forth in paragraphs 104 and 105 of the Counterclaim.  Lulla may have sent greeting cards to Gulati; however, upon information and belief, none of these cards was "inappropriate" or, in any way, suggestive.  Upon

further information and belief, Gulati, too, sent greeting cards to Lulla, both by mail and electronically.

21.  With respect to the allegations set forth in paragraphs 106 and 107 of the Counterclaim, Lulla admits only that, upon learning Gulati was without transportation, he made his Ford automobile (which he was not then using) available for her use. Upon information and belief, the automobile was in Gulati's possession and driven exclusively by her for a period of eighteen (18) months, during which time she was also a designated insured under Lulla's auto insurance policy. In all other respects, these allegations are denied.

22.  With respect to the allegations set forth in paragraph 108 of the Counterclaim, plaintiff admits only that he retrieved the keys to his automobile from Gulati's apartment building doorman – long after he had asked Gulai to return the vehicle to him. Upon information and belief, Gulati's delay nearly prevented Lulla from selling the vehicle (to the buyer with whom he then had an agreement). In all other respects, these allegations are denied.

23.  Plaintiff denies the allegations set forth in paragraphs 109 and 110 and states that any and all efforts made to collect upon defendants' outstanding – and longstanding – indebtedness, as alleged in the Complaint, were lawful.

24.  With respect to the allegations set forth in paragraphs 111, 112 and 113 of the Counterclaim, plaintiff admits only that an action seeking recovery in respect of defendants' outstanding indebtedness, as alleged, was commenced against defendants in the State of North Carolina, General Court of Justice, Superior Court Division, Wake County, was commenced against defendants in or about February 2006 (the "North

Carolina Action"). In an Order, entered on or about May 9, 2006, the Honorable Kenneth C. Titus, Superior Court Judge, denied defendants' motion to dismiss the complaint filed in the North Carolina Action, concluding that, under North Carolina's long-arm statute, both defendants were properly subject to personal jurisdiction in that state. The North Carolina Court of Appeals concluded otherwise and dismissed the North Carolina Action.

25. With respect to the allegations set forth in paragraphs 114 and 115 of the Counterclaim, plaintiff admits only that, following the dismissal of the North Carolina Action solely on jurisdictional grounds, additional efforts were made to collect upon defendants' outstanding – and longstanding – indebtedness. As with any prior efforts made to collect upon the subject indebtedness, these efforts, too, were lawful. In all other respects, these allegations are denied.

26. Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Counterclaim.

27. With respect to the allegations set forth in paragraph 117 of the Counterclaim, plaintiff admits only that, following the dismissal of the North Carolina Action solely on jurisdictional grounds, additional efforts were made to collect upon defendants' outstanding – and longstanding – indebtedness. As with any prior efforts made to collect upon the subject indebtedness, these efforts, too, were lawful. In all other respects, these allegations are denied.

28. With respect to the allegations set forth in paragraph 118 of the Counterclaim, plaintiff admits only that the Complaint, which speaks for itself, was filed with the Supreme Court of the State of New York, County of New York, on October 15, 2007.

29. With respect to the allegations set forth in paragraphs 120 through 125 of the Counterclaim, plaintiff admits only that no "action(s)" taken by him, or on his behalf, could have caused or did, in fact, cause defendants to suffer the detriment and/or harm alleged. To the contrary, upon information and belief, to the extent defendants sustained any such detriment and/or harm, any and all such detriment and/or harm would have been self-inflicted. In all other respects, these allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

30. With respect to the allegations set forth in paragraph 126 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

31. Plaintiff denies the allegations set forth in paragraph 127 of the Counterclaim.

## SECOND AFFIRMATIVE DEFENSE

32. With respect to the allegations set forth in paragraph 128 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

33. Plaintiff denies the allegations set froth in paragraph 129 in the Counterclaim and states that the conflicting jurisdictional findings made in the North Carolina Action have no bearing whatsoever upon the merits of Lulla's claims, as alleged in the Complaint. As such, these disparate findings cannot possibly serve to bar or estop Lulla from asserting these claims; nor do these findings support any defense predicated upon waiver and/or the doctrine of laches.

### THIRD AFFRIMATIVE DEFESE

34. With respect to the allegations set forth in paragraph 130 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

35. Plaintiff denies the allegations set forth in paragraph 131 of the Counterclaim.

36. Plaintiff neither admits nor denies the allegations set forth in paragraph 132 of the Counterclaim insofar as these allegations call for a legal conclusion. Plaintiff refers to the statute for a true and correct statement of its terms.

37. Plaintiff denies the allegations set forth in paragraph 133 of the Counterclaim.

### FOURTH AFFIRMATIVE DERFENSE

38. With respect to the allegations set forth in paragraph 134 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

39. Plaintiff denies the allegations set forth in paragraph 135 of the Counterclaim.

### FIFTH AFFIRMAITVE DEFENSE

40. With respect to the allegations set forth in paragraph 136 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

41. Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 of the Counterclaim; provided, however, plaintiff admits that EM is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in New York County, New York.

42. Plaintiff neither admits nor denies the allegations set forth in paragraph 138 of the Counterclaim insofar as these allegations call for a legal conclusion. Plaintiff refers to New York General Obligations Law § 5-701, et seq., for a true and correct statement of its terms.

43. Plaintiff denies the allegations set forth in paragraphs 139 and 140 of the Counterclaim.

## FIRST COUNTERCLAIM

44. With respect to the allegations set forth in paragraph 141 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

45. Plaintiff denies the allegations set forth in paragraph 142 of the Counterclaim and states that any and all dealings he may have had with STI occurred during the period when he was acting as EM's exclusive representative and *de facto* Chief Executive Officer in relation to the Cadbury Adams data migration contract, at the request and direction of Gulati.

46. With respect to the allegations set forth in paragraphs 143 and 144 of the Counterclaim, Lulla admits only that any and all dealings he may have had with STI occurred during the period when he was acting as EM's exclusive representative and *de facto* Chief Executive Officer in relation to the Cadbury Adams data migration contract, at the request and direction of Gulati. Dynpro, Inc. is, and at, all times material, has been Lulla's employer. Lulla also had relationships and/or dealings with CSI Inc., Vinsai Software Consultants, Shiva Software and P. Nagaraj & Associates, LLC, pre-dating any relationship and/or dealings he may have had with defendants, or either of them. Upon

information and belief, Lulla introduced defendants to each of these entities. Upon further information and belief, any dealings defendants' may have had with these entities arose out of and occurred subsequent to these introductions.

47. Plaintiff denies the allegations set forth in paragraph 145 of the Counterclaim, which, as to Dynpro, are belied by prior allegations set forth in defendants' Answer (at ¶ 9). Upon information and belief, defendants breaches of certain agreements they may have had with CSI and Cadbury Adams, not anything said or done by Lulla, resulted in the termination of any relationships they may have had with both entities.

48. Plaintiffs denies the allegations set forth in paragraphs 146 through 149 of the Counterclaim.

## SECOND COUNTERCLAIM

49. With respect to the allegations set forth in paragraph 150 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

50. Plaintiff denies the allegations set forth in paragraphs 151 and 152 of the Counterclaim. Upon information and belief, defendants did not have "existing business relationships" with Dynpro, Inc., STI, CSI Inc., Vinsai Software Consultants, Shiva Software and/or P. Nagaraj & Associates, LLC. Lulla introduced defendants to each of these entities and, upon information and belief, any and all dealings defendants may have had with these entities arose out of and occurred subsequent to these introductions.

51. Plaintiff denies the allegations set forth in paragraph 153 of the Counterclaim.

52. Plaintiff denies the allegations set forth in paragraph 154 of the Counterclaim.

53. Plaintiff denies the allegations set forth in paragraph 155 of the Counterclaim and states that, at no time, did he discuss his claims against defendants with <u>any</u> of the entities identified in the Counterclaim; nor did he ever disclose to these entities, or any of them, that the parties were in litigation.

54. Plaintiff denies the allegations set forth in paragraph 156 of the Counterclaim.

55. Plaintiff denies the allegations set forth in paragraph 157 of the Counterclaim.

### THIRD COUNTERCLAIM

56. With respect to the allegations set forth in paragraph 158 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

57. Plaintiff denies the allegations set forth in paragraph 159 of the Counterclaim.

58. Plaintiff denies the allegations set forth in paragraph 160 of the Counterclaim and states that, at no time, did he discuss his claims against defendants with <u>any</u> third-parties known to both him and defendants, including, without limitation, the entities identified in the Counterclaim; nor did he ever disclose to such third-parties, or any of them, that he and defendants were involved in litigation.

59. Plaintiff denies the allegations set forth in paragraph 161 of the Counterclaim.

60. Plaintiff denies the allegations set forth in paragraph 162 of the Counterclaim.

61. Plaintiff denies the allegations set forth in paragraph 163 of the Counterclaim.

60. Plaintiff denies the allegations set forth in paragraph 164 of the Counterclaim.

62. Plaintiff denies the allegations set forth in paragraph 165 of the Counterclaim.

**FOURTH COUNTERCLAIM**

63. With respect to the allegations set forth in paragraph 166 of the Counterclaim, plaintiff asserts and realleges the corresponding allegations set forth in the Complaint, as well as those herein set forth.

64. Plaintiff denies the allegations set forth in paragraph 167 of the Counterclaim and states that, as the North Carolina Action was dismissed solely upon jurisdictional grounds, no legitimate basis exists upon which to conclude that said action was, or may reasonably be construed to be, in any way "baseless and/or "vexatious." Plaintiff further states that any and all efforts made to collect upon defendants' outstanding – and longstanding – indebtedness were lawful and not undertaken or accomplished by "vexatious and frivolous means," as has been alleged.

65. Plaintiff denies the allegations set forth in paragraph 168 of the Counterclaim and states that that, at the specific request and direction of Gulati, he acted as EM's exclusive representative and *de facto* Chief Executive Officer in connection with any and all matters involving and/or relating to the Cadbury Adam data migration contract, as alleged in the Complaint.

66. Plaintiff denies the allegations set forth in paragraph 169 of the Counterclaim and states that, at no time, did he discuss his claims against defendants with any third-parties known to both him and defendants, including, without limitation, the entities identified in the Counterclaim; nor did he ever disclose to such third-parties, or any of them, that he and defendants were involved in litigation.

67. Plaintiff denies the allegations set forth in paragraph 170 of the Counterclaim. Despite what has been alleged, at no time prior to his review of the Counterclaim did

Lulla know, or did he have any reason to know, where, in India, Gulati's mother resides; he still does no know her name. Similarly, Lulla does not know – and never has known – where, in the United States, Gulati's sister or any of her family members reside; nor does he know – or has he ever known – their names. It is, therefore, inconceivable that Lulla could have disparaged defendants, or either of them, in the manner alleged, even if he sought to do so, which he did not.

68.  Plaintiff denies the allegations set forth in paragraph 171 of the Counterclaim. By defendants' own admission, Lulla and Gulati never met; it is, therefore, unlikely that Lulla would have known or had any reason to know who Gulati's "friends" were.

69.  Plaintiff denies the allegations set forth in paragraph 172 of the Counterclaim and states that, at no time, did he discuss his claims against defendants with <u>any</u> third-parties known to both him and defendants, including, without limitation, the entities identified in the Counterclaim; nor did he ever disclose to such third-parties, or any of them, that he and defendants were involved in litigation.

70.  Plaintiff denies the allegations set forth in paragraph 173 of the Counterclaim.

71.  Plaintiff denies the allegations set forth in paragraph 174 of the Counterclaim.

72.  Plaintiff denies the allegations set forth in paragraph 175 of the Counterclaim.

73.  Plaintiff denies the allegations set forth in paragraph 176 of the Counterclaim.

74.  Plaintiff denies the allegations set forth in paragraph 177 of the Counterclaim.

75.  Plaintiff denies the allegations set forth in paragraph 178 of the Counterclaim.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim against Lulla upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Defendants are barred from any recovery in respect of the Counterclaim by reason of their breach and/or breaches of the parties' underlying agreement, as alleged in the Complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Defendants are barred from any recovery in respect of the Counterclaim by reason of their failure to mitigate whatever damages they purportedly sustained.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Defendants are before this Court with unclean hands.  They are, therefore, barred from any recovery in respect of the Counterclaim.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

As plaintiff did not engage in any of the tortious acts and conduct alleged, defendants are barred from any recovery in respect of the Counterclaim.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

The Counterclaim is retaliatory in nature and has not been asserted for any legitimate or proper purpose.  Defendants are, therefore, barred from any recovery in respect of same.

**WHEREFORE**, plaintiff respectfully requests that the Counterclaim be dismissed and that judgment be entered in favor of plaintiff, with respect to each and every cause of action alleged in the Complaint.

Dated:  New York, New York
           January 17, 2008

        Respectfully submitted,

**LAW OFFICES OF STUART L. MELNICK, LLC**


By: _____
     Stuart L. Melnick (SM 2613)
     270 Madison Avenue, Suite 1410
     New York, New York  10016
     (212) 319-4200
     (212) 319-4255 (FAX)
     E-Mail: SLMLAWNYC@aol.com

     *Attorneys for Plaintiff*
     *Sanjay Lulla*


TO:   Anthony M. Sabino, Esq.
       Sabino & Sabino, P.C.
       92 Willis Avenue, 2nd Floor
       Mineola, New York  11501
       (516) 294-3199

       *Attorneys for Defendants*
       *Effective Minds LLC &*
      *Manika Gulati*